TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Ernest Guill*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Guill, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Boston Portfolio Advisors, Inc., a Florida corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, ERNEST GUILL, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Buckeye, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Boston Portfolio Advisors, Inc., ("BPA") which is a Florida corporation that maintains its registered agent in the City of Fort Lauderdale, in Broward County, Florida.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Mr. Guill to TERI Loan Holdings, LLC in the amount of $50,020.82 regarding a private student loan (the "Debt").

6. On or about February 22, 2017, Mr. Guill received a 1099-C from Defendant. Along with this form, Defendant sent a letter stating that TERI Holdings

2

decided to discontinue any attempts to collect the loan(s) and to forgive the remaining balance on the loan. In this letter, Defendant failed to identify itself as a debt collector.

7. Further, in the above letter Defendant stated, "BPA is neither a collection agency nor the owner of your loan(s) but was hired by TERI Loan Holdings, LLC to oversee management and collection of your loan(s).

8. To date, Mr. Guill has not received anything in writing from Defendant other than the above letter.

9. Mr. Guill has suffered emotional damages including frustration, stress and irritation as result of Defendant's actions.

## COUNT I-VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.

11. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

3

14. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when it failed to provide Plaintiff with 30-day notice validation rights in the letter it sent;

   b. 15 U.S.C. §1692e(11) by failing to communicate that the communication is from a debt collector. Defendant did this when it failed to identify itself as a debt collector in the letter it sent to Mr. Guill;

   c. 15 U.S.C. §1692g(a)(1) by failing to send within five days after the initial communication in connection with the collection of any debt the consumer a written notice containing the amount of the debt;

   d. 15 U.S.C. §1692g(a)(2) by failing to send within five days after the initial communication in connection with the collection of any debt the consumer a written notice containing the name of the creditor to whom the debt is owed;

   e. 15 U.S.C. §1692g(a)(3) by failing to send within five days after the initial communication in connection with the collection of any debt the consumer a written notice containing a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the

validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

f. 15 U.S.C. §1692g(a)(4) by failing to send within five days after the initial communication in connection with the collection of any debt the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

g. 15 U.S.C. §1692g(a)(5) by failing to send within five days after the initial communication in connection with the collection of any debt the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 16, 2017

KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Ernest Guill